# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| RONALD B. CRABTREE | § | Case No. 11-20720 |
| LISA A. CRABTREE | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## AMENDED TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of              $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]              $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/STEVEN R. RADTKE_____
                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-20720 | TAB | Judge: | Timothy A. Barnes | Trustee Name: | STEVEN R. RADTKE |
|---|---|---|---|---|---|---|
| Case Name: | RONALD B. CRABTREE | | | | Date Filed (f) or Converted (c): | 05/16/2011 (f) |
| | LISA A. CRABTREE | | | | 341(a) Meeting Date: | 06/27/2011 |
| For Period Ending: | 12/17/2012 | | | | Claims Bar Date: | 12/01/2011 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 2715 Miller, Chicago Heights, IL 60411 | 78,000.00 | 0.00 | OA | 0.00 | FA |
| 2. Location: 3042 Hoffman Court, Dyer, IN 46311 | 333,000.00 | 67,639.38 | | 10,000.00 | FA |
| 3. Savings Account with First Midwest Bank | 5,000.00 | 2,000.00 | OA | 0.00 | FA |
| 4. Central Credit Union Savings Account | 600.00 | 0.00 | OA | 0.00 | FA |
| 5. Central Credit Union Savings Account | 2,853.00 | 1,453.00 | OA | 0.00 | FA |
| 6. Prudential Life Insurance | 4,096.00 | 0.00 | OA | 0.00 | FA |
| 7. Prudential Life Insurance | 12,110.00 | 0.00 | OA | 0.00 | FA |
| 8. Pioneer Investments IRA | 2,078.00 | 0.00 | OA | 0.00 | FA |
| 9. Pioneer Investments IRA | 1,944.00 | 0.00 | OA | 0.00 | FA |
| 10. 401K | 5,375.00 | 0.00 | OA | 0.00 | FA |
| 11. 401K | 8,234.00 | 0.00 | OA | 0.00 | FA |
| 12. Monroe Medical 401K | 57,401.00 | 0.00 | OA | 0.00 | FA |
| 13. American Funds 401K | 3,729.00 | 0.00 | OA | 0.00 | FA |
| 14. Lisa Crabtree owns 100% stock of Action Mechanical, Inc. Ass | 0.00 | 0.00 | OA | 0.00 | FA |
| 15. 2008 Chevrolet Impala Over 40,000 miles | 11,550.00 | 11,550.00 | OA | 0.00 | FA |
| 16. 2006 VW Jetta Over 67,000 miles | 9,950.00 | 9,950.00 | OA | 0.00 | FA |
| 17. 2004 Chevrolet Silverado Over 40,000 miles | 8,412.00 | 8,412.00 | OA | 0.00 | FA |
| 18. 2006 Dodge Stratus - Over 85,000 miles | 5,225.00 | 0.00 | OA | 0.00 | FA |
| 19. 3 dogs, 2 horses | 0.00 | 0.00 | OA | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.09 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)          $549,557.00          $101,004.38          $10,000.09          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing of sale, and other action:

Property in Dyer, Indiana attempting to sell.  need to employ broker; debtors made offer to Trustee; offer approved; TFR prepared and sent to UST for review 11/12/12

Initial Projected Date of Final Report (TFR): 08/26/2013        Current Projected Date of Final Report (TFR):

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 11-20720 | Trustee Name: | STEVEN R. RADTKE |
| Case Name: RONALD B. CRABTREE | Bank Name: | Associated Bank |
| LISA A. CRABTREE | Account Number/CD#: | XXXXXX0179 |
| | | Checking |
| Taxpayer ID No: XX-XXX5177 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: 12/17/2012 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/31/12 | | Transfer from Acct # xxxxxx1097 | Transfer of Funds | 9999-000 | $9,987.79 | | $9,987.79 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $9,987.79 | $0.00 |
| Less: Bank Transfers/CD's | $9,987.79 | $0.00 |
| Subtotal | $0.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*                Page Subtotals:                $9,987.79                $0.00

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 11-20720 | Trustee Name: STEVEN R. RADTKE |
| Case Name: RONALD B. CRABTREE | Bank Name: Bank of America |
| LISA A. CRABTREE | Account Number/CD#: XXXXXX1097 |
| | Money Market Account |
| Taxpayer ID No: XX-XXX5177 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 12/17/2012 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/25/12 | 2 | RONALD & LISA CRABTREE<br>3042 HOFFMAN COURT<br>DYER, IN 46311 | Purchase of Trustee's right, title and interest in real estate | 1110-000 | $10,000.00 | | $10,000.00 |
| 07/31/12 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | $0.01 | | $10,000.01 |
| 08/31/12 | INT | Bank of America | | 1270-000 | $0.08 | | $10,000.09 |
| 08/31/12 | | Bank of America | | 2600-000 | | $12.30 | $9,987.79 |
| 08/31/12 | | Transfer to Acct # xxxxxx0179 | Transfer of Funds | 9999-000 | | $9,987.79 | $0.00 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $10,000.09 | $10,000.09 |
| Less: Bank Transfers/CD's | $0.00 | $9,987.79 |
| Subtotal | $10,000.09 | $12.30 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $10,000.09 | $12.30 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*          Page Subtotals:          $10,000.09          $10,000.09

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---:|---:|---:|
| XXXXXX0179 - Checking | $0.00 | $0.00 | $9,987.79 |
| XXXXXX1097 - Money Market Account | $10,000.09 | $12.30 | $0.00 |
|  | $10,000.09 | $12.30 | $9,987.79 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---:|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $10,000.09 |
| Total Gross Receipts: | $10,000.09 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-20720-SPS  
Debtor Name: RONALD B. CRABTREE  
Claims Bar Date: 12/1/2011  
Date: December 17, 2012

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL  60603<br>, | Administrative | | $0.00 | $1,750.01 | $1,750.01 |
| 100 2200 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL  60603<br>, | Administrative | | $0.00 | $24.15 | $24.15 |
| 9 230 5300 | Local Union 597 U. A. Pipe Fitters" Association<br>Pipe Fitters" Association, Local Union 597 U.A.<br>C/O Johnson & Krol, Llc<br>300 S. Wacker Drive, Suite 1313<br>Chicago, Il 60606 | Priority | | $0.00 | $3,301.91 | $3,301.91 |
| 4 240 5400 | Local 597 Pipe Fitters" Retirement Fund<br>Pipe Fitters" Retirement Fund, Local 597<br>C/O Johnson & Krol, Llc<br>300 S. Wacker Drive, Suite 1313<br>Chicago, Il 60606 | Priority | | $0.00 | $156,945.01 | $156,945.01 |
| 5 240 5400 | Local 597 Pipe Fitters" Welfare Fund<br>Pipe Fitters" Welfare Fund, Local 597<br>C/O Johnson & Krol, Llc<br>300 S. Wacker Drive, Suite 1313<br>Chicago, Il 60606 | Priority | | $0.00 | $104,404.13 | $104,404.13 |
| 6 240 5400 | Local 597 Pipe Fitters" Training Fund<br>Pipe Fitters" Training Fund, Local 597<br>C/O Johnson & Krol, Llc<br>300 S. Wacker Drive, Suite 1313<br>Chicago, Il 60606 | Priority | | $0.00 | $28,202.33 | $28,202.33 |
| 7 240 5400 | Local 597 The Industry Improvement Fund<br>The Industry Improvement Fund, Local 597<br>C/O Johnson & Krol, Llc<br>300 S. Wacker Drive, Suite 1313<br>Chicago, Il 60606 | Priority | | $0.00 | $4,780.05 | $4,780.05 |
| 10 240 5400 | Pipe Fitting Council Of Greater Chicago<br>C/O Johnson & Krol, Llc<br>300 S. Wacker Drive, Suite 1313<br>Chicago, Il 60606 | Priority | | $0.00 | $746.71 | $746.71 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-20720-SPS  
Debtor Name: RONALD B. CRABTREE  
Claims Bar Date: 12/1/2011  
Date: December 17, 2012

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| | Case Totals | | | $0.00 | $300,154.30 | $300,154.30 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-20720
Case Name: RONALD B. CRABTREE
  LISA A. CRABTREE
Trustee Name: STEVEN R. RADTKE

Balance on hand  $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: STEVEN R. RADTKE | $ | $ | $ |
| Trustee Expenses: STEVEN R. RADTKE | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses  $_____

Remaining Balance  $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $           must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 9 | Local Union 597 U. A. Pipe Fitters" Association | $ | $ | $ |
| 4 | Local 597 Pipe Fitters" Retirement Fund | $ | $ | $ |
| 5 | Local 597 Pipe Fitters" Welfare Fund | $ | $ | $ |
| 6 | Local 597 Pipe Fitters" Training Fund | $ | $ | $ |
| 7 | Local 597 The Industry Improvement Fund | $ | $ | $ |
| 10 | Pipe Fitting Council Of Greater Chicago | $ | $ | $ |

Total to be paid to priority creditors     $_____

Remaining Balance     $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be     percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

NONE

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE